## HILLMAN v. CHISHOLM.

No. 17641—Opinion Filed March 29, 1927.

(Syllabus.)

**Appeal and Error—Reversal for Failure to File Answer Brief.**

Where the plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause. with directions, in accordance with the prayer of the petition in error.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action between Joe Hillman and W. W. Chisholm, doing business as Chisholm's Variety Store. From order of court discharging

attachment, the former brings error. Reversed and remanded.

Hummer & Foster, for plaintiff in error.

W. C. Alley, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the superior court of Okmulgee county, Okla., wherein the plaintiff in error appeals from the order of the trial court sustaining a demurrer to plaintiff's evidence in the trial of said cause and discharging attachment wherein plaintiff in error, plaintiff below, had procured an order of attachment to be issued and levied against a stock of goods owned by the defendant in error. The plaintiff in error in due time served and filed his brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, pleading, or otherwise appear in this court. In the case of City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481, this court laid down the rule that:

"Where the plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error."

In this case the petition in error prays that the judgment of the trial court be reversed, set aside and held for naught, and that judgment be rendered in favor of the plaintiff in error and against the defendant in error sustaining the attachment therein issued and levied, and that the plaintiff in error be restored to all rights he has lost by the rendition of such judgment, and we find, upon examination, that the authorities cited by the plaintiff in error reasonably support the contention of the plaintiff in error, in that the trial court erred in sustaining the demurrer to the evidence of the plaintiff and ordering the attachment dissolved, and we therefore reverse the judgment of the lower court dissolving said attachment and direct the trial court to overrule the demurrer to the evidence, and that the plaintiff be restored to all rights lost by reason of the rendition of such judgment.

Note.—See 3 C. J. p. 1447. §1607; 2 R. C. L. p. 176; 1 R. C. L. Supp. p. 425.